IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**ERIC PRIDGEN,**

    **Petitioner,**

v.                   **CRIMINAL ACTION NO. 4:14-CR-59-1**

**UNITED STATES OF AMERICA,**

    **Respondent.**

*MEMORANDUM OPINION AND ORDER*

  Before the Court is Petitioner Eric Pridgen's ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion") and the Government's Response to Petitioner's Motion. ECF Nos. 449 and 451. For the reasons set forth below, Petitioner's Motion is **DENIED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

  Petitioner was a member of a neighborhood gang that was known as "Thug Relations" (hereafter, TR). ECF No. 312 at 4-6. TR was a criminal organization whose members and associates engaged in acts of violence, including murder, threat of murder, attempted murder, malicious wounding, robbery, attempted robbery, witness intimidation and narcotics distribution. *Id*. at 6. TR members engaged in acts of intimidation and violence toward rival gangs. *Id*. TR operated principally in a geographic area that included various apartment complexes in Newport News. *Id*. The TR Enterprise, through its members and associates, engaged in racketeering activity as defined in 18 U.S.C. § Section 1961(1), namely, acts involving murder and robbery, in violation of the Code of Virginia, and in violation of 18 U.S.C. § 1951, and drug trafficking, in violation of 21 U.S.C. §§ 841 and 846. *Id*.

1

Petitioner was named in a 17-count superseding indictment for his involvement in TR's criminal conduct. ECF No. 15. After a 12-day jury trial, Petitioner was found guilty of the following:

- **Count 1**: **Racketeering Conspiracy**, in violation of 18 U.S.C. §§ 1962(d), 1963(a).

- **Count 3**: **conspiracy to interfere with Commerce by Robbery**, in violation of 18 U.S.C. § 1951(a).

- **Counts 4 and 9**: **Interference with Commerce by Robbery**, in violation of 18 U.S.C. §§ 1951(a) and 2.

- **Counts 5, 10, and 14: Felon in Possession of a Firearm and Ammunition**, in violation of 18 U.S.C. § 922(g)(1).

- **Counts 6, 11, and 16**: **Murder in Aid of Racketeering**, in violation of 18 U.S.C. § 1959(a)(1).

- **Counts 7, 13, and 17**: **Using, Carrying, and Discharging a Firearm During and in Relation to, and Possession and Discharging of a Firearm in Furtherance of, a Crime of Violence Resulting in Murder**, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), (j)(1), (c)(1)(D)(ii).

On January 27, 2017, Petitioner was sentenced to a term of life imprisonment, plus three consecutive terms of life imprisonment. ECF No. 340 at 3.

On June 26, 2020, Petitioner filed a *pro se* Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. ECF No. 449. The Court subsequently ordered the appropriate responses. ECF No. 450. The Government filed its Response in Opposition along with the required *Rosboro* Notice on July 31, 2020. ECF No. 451. Thereafter, Petitioner did not file a reply. Accordingly, Petitioner's § 2255 Motion is ripe for disposition.

## II. LEGAL STANDARDS

### A. Section 2255

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a 2255 Motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999). However, an individual may raise a procedurally defaulted claim if he or she can show (1) "cause and actual prejudice resulting from the errors of which he complains" or (2) that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. . . . [meaning] the movant must show actual innocence by clear and convincing evidence." *Id.* at 492–93. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [his or her] actual and substantial disadvantage, infecting [his or

3

her] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

**B. Crime of Violence Under 18 U.S.C. § 924(c)(1)**

Section 924(c)(1)(A) provides that a person who uses or carries a firearm "during and in relation to any crime of violence" or who "possesses a firearm" "in furtherance of any such crime" may be convicted of both the underlying crime (here, bank robbery) *and* the additional, distinct crime of utilizing a firearm in connection with a "crime of violence." Utilizing a firearm in connection with a crime of violence is punishable by at least five consecutive years of imprisonment, with seven years of imprisonment for brandishing the firearm and ten years of imprisonment if the firearm is discharged. 18 U.S.C. § 924(c)(1)(A).

Section 924(c)(3) defines "crime of violence" as "an offense that is a felony" and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Courts commonly refer to § 924(c)(3)(A) as the "force clause" and to § 924(c)(3)(B) as the "residual clause."

The "residual clause" of § 924(c)(3)(B) has been held unconstitutionally vague by the U.S. Supreme Court in *United States v. Davis*, 139 S. Ct. 2319 (2019).[1] Therefore, sentences for the distinct firearm offenses found in § 924(c)(1)(A) may only be applied through the "force clause," which allows for an enhanced term of consecutive imprisonment if the underlying offense has as an element that contains the use, attempted use, or threatened use of physical force.

---

[1] *See also Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (holding a similar residual clause defining crimes of violence in 18 U.S.C. § 16(b) to be unconstitutionally vague), *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding another residual clause defining crimes of violence in 18 U.S.C. § 924(e)(2)(B) to be unconstitutionally vague).

**C. Section 924(c)(1)(A) and Hobbs Act Robbery**

The Fourth Circuit has confronted the question of whether robbery under the Hobbs Act may serve as a predicate offense for the additional firearm offense found in the "force clause" of 18 U.S.C. § 924(c)(3)(A) in *United States v. Mathis*, No. 16-4633 (4th Cir. 2019). In *Mathis*, the Fourth Circuit held that robbery pursuant to 18 U.S.C. § 1951(a) cannot be accomplished without an element that includes the use, attempted use, or threatened use of physical force against the person or property of another. Therefore, at least in the context of the Hobbs Act, robbery qualifies as a predicate offense for the additional firearm offense in § 924(c)(1)(A) because its elements satisfy the "force clause" found in § 924(c)(3)(A).

On the other hand, the Fourth Circuit recently held that neither a *conspiracy* to commit robbery nor an *attempted* robbery under the Hobbs Act contain the necessary elements of "use, attempted use, or threatened use of physical force" to serve as predicate offences for an additional § 924(c)(1)(A) firearm charge. *United States v. Taylor*, No. 19-7616 (4th Cir. 2020).

### III. DISCUSSION

Petitioner argues that given the Supreme Court's decision in *United States v. Davis*, his § 924(c) convictions under Counts 7, 13 and 17 should be vacated because his underlying offenses of conviction were allegedly not crimes of violence. ECF No. 449. To the contrary, Petitioner is mistaken. Petitioner's underlying felony offenses for the § 924(c) convictions were three-fold: (1) Racketeering Conspiracy (2) Hobbs Act robbery, and (3) Murder in Aid of Racketeering. *See* ECF Nos. 15 and 282. Petitioner is correct that his racketeering conspiracy conviction does not qualify as a crime of violence or does not meet the definition of the force clause, under § 924(c). *See Taylor*, No. 19-7616; *see also United States v. Simms*, 914 F.3d 229, 234 (4th Cir. 2019).

However, Petitioner's underlying Hobbs Act robbery offense does qualify as a crime of violence under the statute's force clause. *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) (holding "we conclude that Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)"). Additionally, murder is inherently a crime of violence because in order to kill someone with the requisite intent, one must invoke "use, attempted use, or threatened use of physical force" as required by § 924(c). Because Petitioner's underlying felony offenses for Hobbs Act robbery and murder are crimes of violence as provided by § 924(c)'s force clause, Petitioner's sentence for Counts 7, 13, and 17 remain valid. Providing no other reason why his sentence should be vacated, Petitioner's request for relief under § 2255 is denied.

## IV. CONCLUSION

For the reasons above, Petitioner's Motion is **DENIED**.

This Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). This means that Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)); *see United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017). Petitioner's claims are based upon incorrect interpretations of statutory provisions and judicial precedent. As such, Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, and a Certificate of Appealability is **DENIED**.

In addition, the Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States

Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date.

The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Newport News, Virginia
January 13, 2021

_____
UNITED STATES DISTRICT JUDGE